## W. D. DAVIS v. WOODWARD-CROWDER COMPANY.

160 So. 189.

Opinion Filed December 14, 1934.

Petition for Rehearing Denied January 29, 1935.

*Hampton, Bull & Crom,* for Plaintiff in Error;

*Shackleford, Ivy, Farrier & Shannon,* for Defendant in Error.

BUFORD, J.—Writ of error in this case is to review a judgment of the Circuit Court of Hillsborough County in favor of the plaintiff in a suit on a promissory note.

Nine assignments of error are argued. Six of the assignments are argued together and three other assignments are argued together. The six argued together are as follows:

"*First Assignment of Error:* The Court erred in entering judgment in said cause.

"*Second Assignment of Error:* The Court erred in denying motion for new trial.

"*Third Assignment of Error:* The verdict should have been for the defendant and against the plaintiff.

"*Fourth Assignment of Error:* The Court erred in denying defendant's motion for a directed verdict at the close of the plaintiff's case in chief.

"*Ninth Assignment of Error:* The Court erred in allowing parol evidence to impeach the language of the note filed in evidence.

"*Eleventh Assignment of Error:* The Court erred in overruling motion in arrest of judgment."

The three assignments argued together are as follows:

"*Fifth Assignment of Error:* The Court erred in denying motion to strike the testimony of the witness Crowder with respect to the purchase price of the property.

"*Sixth Assignment of Error:* The court erred in striking and sustaining objections to the testimony of the witness Davis with respect to the consideration for said note.

"*Seventh Assignment of Error:* The Court erred in refusing to permit counsel for the defendant to interrogate the witness Crowder in relation to the various items which form the total consideration for the property."

The case went to trial on the declaration, two pleas and replication to the pleas. The note sued on had an endorsement on the back thereof, as follows:

"Payment of this note is conditioned upon discharge by payee of all paving liens against the property described in the mortgage securing this note.

"Woodward-Crowder Co.,

"By H. L. Crowder"

The defendant pleaded in effect that the plaintiff had not performed the condition endorsed on the back of the note and also pleaded failure of consideration, which pleas were filed after demurrer had been sustained to original plea. Replication was filed to these two pleas. Said replication was as follows:

"As to First Plea:

"1. That said plaintiff fully performed the condition on said promissory note written in that there are no paving liens against the said property described in said mortgage securing said promissory note.

"2. That by the terms of said condition the grantor, H. L. Crowder, and wife undertook to grant and deliver the said premises to the said defendant free and clear of all liens and encumbrances, except as described in said deed, and that although the abstract of title discloses a certain paving lien against the said property that the said abstract information is incorrect and in truth and in fact there was no paving lien against said property. Wherefore plaintiff has fully performed the said condition written upon and made a part of the said promissory note.

"As to Second Amended Plea:

"1. The plaintiff denies that the sole consideration for the giving of said note by the defendant to the plaintiff was the payment by the plaintiff of a certain paving certificate described in said plea.

"2. Further replying to the said second amended plea, plaintiff alleges that the said promissory note sued upon was one of ten promissory notes given by said defendant to said plaintiff as evidence of the purchase price of certain real estate, and that the consideration for said ten notes, including the said note sued upon was a transfer to the said defendant by H. L. Crowder and wife of the said real

estate, and that the amount expressed in said promissory note is a part of the said purchase price, and that said condition written on said promissory note was placed thereon to render said note non-negotiable and to preserve a defense to said defendant in the event and upon the condition there was outstanding a certain paving certificate against the real estate transferred to said defendant, it being understood and agreed between H. L. Crowder and the said defendant, that the said defendant should receive the said real estate free and clear of all incumbrances, except as otherwise expressly provided, and it being the duty of the said H. L. Crowder to protect the said defendant against the said paving lien, if any existed, the said promissory note evidencing a portion of the purchase price of said property and not being executed and delivered for the purpose of paying or satisfying the said paving lien, and plaintiff alleges that the said grantee did receive the said real estate free and clear of paving liens."

Demurrers to the first pleas were properly sustained. The first and second amended pleas were bad because they failed to allege a defense. The replication was a good replication to bad pleas. See Exping-Bellas & Co. v. Robinson, 21 Fla. 36, in which we said:

"The demurrer to the replication to the second plea should not have been sustained, because the plea itself was not good in law; and *any* replication to a bad plea is a good replication. The defendant's demurrer reached the faults in his own plea."

Therefore, no error was committed by order denying the motion to reform the first replication to amended first plea, or by order denying motion to strike the second replication to amended second plea.

The issue presented to the jury by the pleadings appears

to have been, first: Whether or not the plaintiff had performed the condition required to be performed; and second: whether or not the consideration for the note failed in that the payee of the note had not discharged any paving lien at the time suit was filed on the note.

It appears from the record that both the maker and the payee of the note at the time the note was given believed that there was a paving lien outstanding against this property. The maker of the note agreed to pay a certain sum of money for the property free and clear of all encumbrances. He paid a part cash and gave his notes for the balance and to protect himself against the necessity of paying the paving lien, as well as paying the entire purchase price, it was agreed that there should be endorsed on the last note falling due the stipulation above quoted. Before the note fell due it was discovered that there was no paving lien against the property and, therefore, it was unnecessary for the payee of the note to pay off and discharge any paving lien to make his warranty of title good. There is substantial evidence to show that the consideration for the note was a part of the purchase price of the land. The maker of the note got just what he bargained for, an unencumbered title to the land for a certain sum of money, a part of which was represented by this note.

Certainly, if the agreement had been that the purchaser would pay a certain amount to the vendor as the purchase price and would assume the payment of any outstanding paving lien, and it had afterwards developed that there was no paving lien against the property, the purchaser would not be held to owe the vendor any additional sum.

In this case substantial evidence shows: that the purchase price agreed upon was $31,500.00; that Davis agreed to assume a mortgage for $25,000.00, to pay interest on the

mortgage in the sum of $500.00 and to assume the taxes for 1928, and to pay to Crowder $5,006.25; that Davis paid cash $506.25 and gave a mortgage for $4,500.00 to secure ten notes, each in the sum of $450.00; that Davis paid all the notes except the last one which was the note sued on in this case.

The judgment should be affirmed and it is so ordered. Affirmed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.

DAVIS, C. J. (concurring).—Undoubtedly when plaintiff alleges *performance* of a condition precedent, an attempt by replication to meet a plea denying performance by replying an excuse for non-performance would be a departure in pleading by plaintiff and would be bad. But in this case the condition must be construed as being a condition to pay paving liens, if any, therefore the replication showing that there were no paving liens is a good answer to a plea of general denial of the condition in terms that are a negative pregnant of plaintiff's allegation.

### ON REHEARING.

PER CURIAM.—On petition for rehearing it is contended that the Court overlooked and failed to consider certain matters which counsel appear to assume were established by the evidence. As to what the facts were concerning such matters the record shows the evidence to have been conflicting. As to these contraverted matters, it appears the jury resolved in favor of the plaintiff and the trial judge sustained the same by denying motion for new trial.

It is also contended that the Court failed to consider the question presented by an assignment of error which challenged the ruling of the Court in excluding certain testimony as a witness in his own behalf. This was not dis-

cussed because later in the trial this witness was permitted to testify about the matter in the manner which was at first excluded.

Rehearing denied.

WHITFIELD, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.